963 So.2d 1183 (2007)
Joey SELLARS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00812-COA.
Court of Appeals of Mississippi.
April 24, 2007.
Rehearing Denied September 4, 2007.
Joey Sellars, Appellant, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before LEE, P.J., BARNES and CARLTON, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On April 12, 2005, Joey Sellars pled guilty in the Circuit Court of Clay County to the manufacture of methamphetamine. He was sentenced to serve a term of twenty-two years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $5,000.
¶ 2. Sellars filed a motion for post-conviction relief alleging that his sentence of twenty-two years for the manufacture of methamphetamine is disproportionate to *1184 the offense committed and to other sentences given to similarly situated defendants. The trial court found that the sentence was not disproportionate to the crime and dismissed the motion on April 11, 2006.
¶ 3. Sellars now appeals to this Court citing the following issue: the trial court erred in dismissing his petition for post-conviction relief since his sentence is grossly disproportionate to the crime.

STANDARD OF REVIEW
¶ 4. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

DISCUSSION
I. DID THE TRIAL COURT ERR IN DISMISSING SELLARS'S PETITION FOR POST-CONVICTION RELIEF?
¶ 5. Sellars argues that the trial court erred in dismissing his petition for post-conviction relief without a hearing because his sentence of twenty-two years is disproportionate to the crime. Sellars asserts two reasons why his sentence is disproportionate: he was a first time offender and other similarly situated defendants have received lesser sentences.
¶ 6. We find Sellars's argument regarding his sentence without merit. Sellars received less than the maximum sentence of thirty years for manufacturing methamphetamine. Miss.Code Ann. § 41-29-139(b)(1) (Rev.2005). The general rule in Mississippi is that a sentence that does not exceed the maximum term allowed by the statute cannot be disturbed on appeal. Edwards v. State, 800 So.2d 454, 468(¶ 45) (Miss.2001). "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Id. (quoting Hoops v. State, 681 So.2d 521, 537 (Miss.1996)). We find that a threshold comparison of Sellars's sentence with the crime committed does not lead to an inference of "gross disproportionality" and, therefore, no further analysis is necessary. Id. at 469(¶ 47).
¶ 7. Sellars next argues that his sentence should be overturned because the trial court did not state specific reasons for the sentence imposed as required in Green v. State, 762 So.2d 810, 814(¶ 11) (Miss.Ct. App.2000) ("Besides passing judgment, the trial court must properly utilize the broad discretionary authority granted to it and must, in the interest of judicial fairness and efficiency, state specific reasons for sentences."). It is apparent from the record that the trial court gave reasons and used its discretion in determining Sellars's sentence. For example, the trial court took into consideration testimony from a Tri-County Narcotics Task Force officer in regards to Sellars's drug involvement and used this as an aggravating factor in the sentencing. Before sentencing Sellars, the trial court retired five other methamphetamine-related counts in the same indictment and retired a two-count methamphetamine-related separate indictment. Sellars argues that the trial court wrongly took these retired counts into consideration in sentencing him. No evidence exists in the record that the trial court used the retired counts to enhance his sentence. Even if the trial judge took the retired counts into consideration, trial courts have broad discretion in what may be considered when imposing a sentence. Summerall *1185 v. State, 734 So.2d 242, 246(¶ 21) (Miss. Ct.App.1999).
¶ 8. We find Sellars's argument that his sentence was grossly disproportionate without merit.
¶ 9. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., MYERS, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.