992 So.2d 664 (2008)
Dedric Demond MINOR, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00990-COA.
Court of Appeals of Mississippi.
October 14, 2008.
*665 Dedric Demond Minor, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., GRIFFIS and ISHEE, JJ.
MYERS, P.J., for the Court.
¶ 1. Dedric Demond Minor pleaded guilty in the Circuit Court of Madison County to the crime of aggravated assault and received a sentence of twenty years in the custody of the Mississippi Department of Corrections. Minor now appeals the trial court's denial of his request for post-conviction relief, claiming his sentence was disproportionate to the crime in light of his status as a first-time offender. Finding no error in the decision of the trial court, we affirm the denial of Minor's motion for post-conviction relief.

FACTS AND PROCEDURAL HISTORY
¶ 2. Minor pleaded guilty in open court to the crime of aggravated assault, which the trial court accepted as knowing, intelligent, and voluntary. Minor was sentenced to serve twenty years in the Mississippi Department of Corrections. Minor filed a motion for post-conviction relief, which was denied by the trial court. It is from this denial that Minor seeks relief.

DISCUSSION

WHETHER THE SENTENCE IMPOSED WAS DISPROPORTIONATE TO THE CRIME.
¶ 3. "A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous." Sellars v. State, 963 So.2d 1183, 1184(¶ 4) (Miss.Ct. App.2007) (citing Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002)). In *666 addition, questions of law are reviewed de novo. Id. (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)).
¶ 4. Minor asserts that his sentence of twenty years was disproportionate to the crime, especially in light of his status as a first-time offender and a father of two children. Minor also alleges that he was unable to present mitigating factors to the trial court. Minor asks that the trial court's denial of post-conviction relief be reversed and that his case be remanded for resentencing in the interest of justice.
¶ 5. The State argues that Minor has failed to establish by a preponderance of the evidence that his sentence was disproportionate to the crime. The State argues that the sentence was proper as it was well within the limits statutorily prescribed under Mississippi Code Annotated section 97-3-7(2) (Rev.2006).
¶ 6. "The general rule in Mississippi is that a sentence that does not exceed the maximum term allowed by the statute cannot be disturbed on appeal." Sellars, 963 So.2d at 1184(¶ 6) (citing Edwards v. State, 800 So.2d 454, 468(¶ 45) (Miss.2001)). "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Id. (quoting Edwards, 800 So.2d at 468(¶ 45)). However, "when a sentence is `grossly disproportionate' to the crime committed, the sentence is subject to attack on the grounds that it violates the Eighth Amendment prohibition of cruel and unusual punishment." Lewis v. State, 905 So.2d 729, 737(¶ 26) (Miss.Ct.App.2004) (quoting Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992)). In the case at bar, we find from our review of the record that there is no "inference of gross disproportionality"; therefore, we affirm the trial court's denial of post-conviction relief. Sellars, 963 So.2d at 1184(¶ 6) (citing Edwards, 800 So.2d at 469(¶ 47)).
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.