BARNES, J.,
for the Court.
¶ 1. A Madison County grand jury indicted Bridgit Williams for felony shoplifting in violation of Mississippi Code Annotated section 97-23-93 (Supp.2003). After a jury trial in the Madison County Circuit Court, Williams was convicted and sen *362 tenced as a habitual offender to serve ten years in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole or probation and to pay a fine of $10,000. Williams now appeals, claiming that her sentence is unconstitutional and illegal.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On January 20, 2004, a loss-prevention officer for the Dillard’s department store, located in Ridgeland, Mississippi, observed Williams and another suspect, Sharon Harris, selecting merchandise and carrying the items to one location, behind a rack of clothing. The officer also noticed Williams concealing some of the merchandise in a shopping bag. These activities continued for approximately twenty minutes. When Williams and Harris attempted to depart the store without paying for the merchandise, the officer detained them. Upon searching the bag in Williams’s possession, the officer found ten items of clothing, the total value of which was over $500. None of the items had proof of purchase labels, an indicator that they had been sold.
¶ 3. On June 9, 2004, Williams was indicted for felony shoplifting pursuant to Mississippi Code Annotated section 97-23-93. It was later discovered that Williams had been previously convicted of two felonies: felony shoplifting[1] on August 17, 1995, which carried a sentence of three years in custody, with her sentence suspended for five years, during which time she was on probation; and possession of less than an ounce of marijuana with intent to distribute on July 21, 1999, for which she was sentenced to one year in the custody of the MDOC, with the sentence to run concurrently with her previous felony shoplifting sentence, which was revoked for probation violation. On January 26, 2005, the State filed a motion to amend the instant indictment to include habitual offender status.
¶ 4. Williams’s jury trial was held on February 3, 2005, at which time the circuit court granted the State’s motion to amend the indictment. During the trial, Williams informed the circuit court that she wanted to testify on her own behalf. The court called a lunch recess; however, Williams did not return to the courtroom after the recess. The circuit court entered a bench warrant for Williams, revoked her bond, and the trial proceeded in her absence.[2] The jury convicted Williams of felony shoplifting, and she was sentenced, as a habitual offender, to ten years in custody of the MDOC without eligibility for parole or probation. She was also assessed a $10,000 fine plus costs. Williams was eventually detained in Tennessee in August 2006 and extradited to Mississippi to begin serving her sentence.
¶ 5. Despite Williams’s absence, her defense counsel timely filed a motion for new trial on February 10, 2005, claiming that the verdict was against the overwhelming weight of the evidence. However, the circuit court never ruled on the motion. After Williams was taken back into custody, she retained new counsel and filed a motion for trial transcript on February 27, 2007, in order that she might proceed with her previously-filed motion for a new trial. On April 16, 2007, the circuit court entered an order requiring the court reporter to *363 produce the trial transcript. Williams then filed an amended motion for a new trial on June 18, 2007, adding that the circuit court erred in granting two jury instructions over the defense’s objection: an “accomplice” instruction and a “flight” instruction. The circuit court denied Williams’s motion on August 2, 2007.
JURISDICTION
¶ 6. On February 1, 2008, Williams filed a pro se notice of appeal. Mississippi Rule of Appellate Procedure 4(a) states that a notice of appeal “shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.” As Williams’s notice of appeal was filed three years after the entry of the court’s February 3, 2005, order, the Mississippi Supreme Court issued a “Show Cause Notice” on April 4, 2008, requesting that Williams show cause why her untimely appeal should not be dismissed. Williams filed her show cause notice, and on August 6, 2008, this Court entered an order stating that it was uncertain, based on the limited record, whether Williams’s appeal warranted suspension of the rules under Mississippi Rule of Appellate Procedure 2(c). Therefore, the appeal was allowed to proceed on its merits. On February 2, 2009, the State filed a motion to dismiss the appeal. This Court found that the State’s motion should “be passed for consideration,” along with the merits of Williams’s appeal, based upon the previous order. As the appellate record is now complete, we will now consider whether Williams’s untimely appeal merits a suspension of the rules.
¶ 7. First, we note that Williams’s June 18, 2007, amended motion for a new trial effectively superseded her February 10, 2005, motion for a new trial, since that motion was still pending before the court.[3] Therefore, the circuit court’s denial of Williams’s amended motion for a new trial on August 2, 2007, determines the starting date for the purposes of determining whether the appeal was untimely filed. As Williams filed her notice of appeal approximately six months after the circuit court denied her amended motion for a new trial under Rule 4(a), the notice of appeal was untimely, leaving this Court without jurisdiction to consider Williams’s appeal.
¶ 8. However, under Rule 2(c) of the Mississippi Rules of Appellate Procedure, this Court may suspend the thirty-day requirement of Rule 4(a) and allow an out-of-time appeal in a criminal case for “good cause shown” and “in the interest of expediting decision.” See McGruder v. State, 886 So.2d 1, 2(¶ 4) (Miss.2003) (citation omitted) (‘We may suspend Rules 2 and 4 ‘when justice demands’ to allow an out-of-time appeal in criminal cases.”). “The party seeking an out-of-time appeal carries the burden of persuasion regarding the lack of a timely notice.” Andrews v. State, 932 So.2d 61, 62(¶ 5) (Miss.Ct.App.2006) (citations omitted). Williams, in her show cause notice, claimed that she was financially unable to retain counsel and was not aware of the appellate rules. We do not find that this constitutes good cause. An out-of-time appeal may be granted in cases where the prisoner, “through no fault of his own[,] is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court.” Dorsey v. State, 986 So.2d 1080, 1084(¶ 12) (Miss.Ct.App.2008) (citation omitted). *364 However, a “[pjetitioner’s pro se status and ignorance of the law alone are wholly insufficient to establish cause.” Gardner v. State, 848 So.2d 900, 901(¶ 5) (Miss.Ct.App.2003) (citing Culberson v. State, 612 So.2d 342, 346 (Miss.1992)).
¶ 9. Moreover, Williams is also procedurally barred from raising her claim that her sentence was illegal as she failed to object to her sentence at trial. See Fulks v. State, 944 So.2d 79, 85(¶ 14) (Miss.Ct.App.2006) (a defendant who makes no objection at trial to his sentence cannot raise this allegation initially on appeal). However, notwithstanding the procedural bar or Williams’s failure to show good cause, dismissing this appeal for lack of jurisdiction would most likely result in a motion for post-conviction relief citing not only that her sentence was unconstitutional and illegal—the issue before us in this appeal—but also ineffective assistance of counsel for failure to object to her sentence. Therefore, “in the interest of expediting decision” pursuant to Rule 2(c), we will suspend the rules and review Williams’s out-of-time appeal on the merits.
¶ 10. Our basis for allowing this out-of-time appeal is to expedite a decision, as the dismissal of this appeal would result in a judicially-inefficient petition for post-conviction relief, consuming further trial and appellate court resources. The dissent argues that our reasoning is “faulty” as Williams is “likely” to file a motion for post-conviction relief anyway, and that it is irrelevant whether we address the substance of the appeal because Williams’s post-conviction relief motion will be procedurally barred. However, the issue may not be as straightforward as the dissent contends. The right to be free from an illegal sentence is a fundamental constitutional right; therefore, a claim of illegal sentence cannot be procedurally barred under the Mississippi Uniform Post-Conviction Collateral Relief Act. See McBride v. State, 914 So.2d 260, 263(¶ 10) (Miss.Ct.App.2005). The legality of Williams’s sentence has been fully briefed and considered by the entire Court; consequently, we see no reason to decline jurisdiction, thus requiring a hard-working, overburdened trial judge to review either this issue or the issue of the procedural bar to a motion for post-conviction relief merely to have the issues(s) come back to this Court to be re-briefed, reconsidered, and rewritten. Rather than “rewarding” Williams’s shortcomings, this Court’s decision to review the merits of her appeal is based upon judicial economy.
I. Whether Williams was incorrectly sentenced as a habitual offender.
¶ 11. Williams claims that she should not have been charged as a habitual offender as the sentences for her two previous convictions were served concurrently. Therefore, she was only in custody for one year. The amendment to Williams’s indictment charged her under Mississippi Code Annotated section 99-19-81 (Rev. 2000), which states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
(Emphasis added). This statute merely requires that the defendant be sentenced to one year or more for each crime. It *365 does not require that the individual be incarcerated under his imposed sentences to obtain habitual offender status. Davis v. State, 5 So.3d 435, 441(¶ 14) (Miss.Ct.App.2008); see also Green v. State, 802 So.2d 181, 183(¶ 14) (Miss.Ct.App.2001) (“Service of sentence through actual incarceration is not mandatory when considering habitual offender status under [section] 99-19-81”) (citation omitted). Williams was convicted and sentenced for two separate crimes prior to her February 3, 2005, conviction: felony shoplifting in 1995 and possession of marijuana in 1999. Thus, the felonies were “separate incidents,” which occurred “at different times,” and each carried a sentence of at least one year. Thus, the fact that Williams was only incarcerated for one year while serving her concurrent sentences does not afford her relief from habitual offender status under section 99-19-81.
II. Whether Williams’s sentence constituted cruel and unusual punishment in violation of the Eighth Amendment.
¶ 12. Williams also claims that her sentence was unconstitutional as it exceeded the maximum sentence allowed by law. A sentence may be subject to attack if it is “‘grossly disproportionate’ to the crime committed,” as this is a violation of “the Eighth Amendment prohibition of cruel and unusual punishment.” Minor v. State, 992 So.2d 664, 666(¶ 6) (Miss.Ct.App.2008) (quoting Lewis v. State, 905 So.2d 729, 737(¶ 26) (Miss.Ct.App.2004)). However, the circuit court has complete discretion in imposing a sentence, and the sentence will “not [be] subject to appellate review if it is within the limits prescribed by statute.” Id. Consequently, “a sentence that does not exceed the maximum period usually will not be disturbed on appeal.” Fannings v. State, 997 So.2d 953, 966(¶ 42) (Miss.Ct.App.2008) (citing Ford v. State, 975 So.2d 859, 869(¶ 39) (Miss.2008)).
¶ 13. Williams was indicted under Mississippi Code Annotated section 97-23-93(1) which states that:
Any person who shall wilfully and unlawfully take possession of any merchandise owned or held by and offered or displayed for sale by any merchant, store or other mercantile establishment with the intention and purpose of converting such merchandise to his own use without paying the merchant’s stated price therefor shall be guilty of the crime of shoplifting and, upon conviction, shall be punished as is provided in this section.
Further, as Williams was apprehended with more than $500 in merchandise, she was convicted under subsection (7) of section 97-23-93 which states that: “A person convicted of shoplifting merchandise for which the merchant’s stated price exceeds Five Hundred Dollars ($500.00) shall be guilty of a felony and, upon conviction, punished as provided in Section 97-17-41 for the offense of grand larceny.” (Emphasis added). Williams has also argued, in a separate motion received by this Court on November 6, 2009, that she should not have been sentenced under subsection (7) of section 97-23-93 for grand larceny. However, it is clear from the evidence that the merchandise was valued at more than $500. Therefore, as Williams was a habitual offender, the circuit court was required under section 99-19-81 to impose the maximum sentence for grand larceny, which is ten years in the custody of the MDOC, and a fine of $10,000. See Miss.Code Ann. § 97-17-41 (Supp.2003). This is exactly the sentence that Williams received.
¶ 14. The sentence imposed by the circuit court did not exceed the statutory maximum, and we find no violation of the *366 Eighth Amendment to the United States Constitution.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION AND TO PAY A FINE OF $10,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
KING, C.J., LEE, P.J., IRVING, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, P.J., GRIFFIS AND MAXWELL, JJ.

. Miss.Code Ann. § 97-23-93(7) (Rev.2006).

. In Jefferson v. State, 807 So.2d 1222, 1227(11 18) (Miss.2002), the Mississippi Supreme Court ruled that a court may try a defendant in absentia, if the defendant has willfully, voluntarily, and deliberately taken actions to avoid trial.

. Uniform Rule of Circuit and County Court 10.05 states that "[a] motion for a new trial must be made within ten days of the entry of judgment. The trial judge may hear and determine a motion for new trial at any time and in any county or judicial district within the trial judge’s jurisdiction.”