LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. In May 2000, James Estus Smith pleaded guilty to murder, for which he was sentenced to life imprisonment, and robbery, for which he was sentenced to fifteen years. Both sentences were ordered to be served in the custody of the Mississippi Department of Corrections, with the robbery sentence to run consecutive to the murder sentence.
¶ 2. Smith timely filed his first motion for post-conviction relief (PCR), which the trial court dismissed. Smith appealed to this Court, asserting the following issues: (1) his guilty plea was involuntary; (2) he should have received an evidentiary hearing; and (3) he was entitled to a competency hearing. Smith v. State, 910 So.2d 635, 636 (¶ 1) (Miss.Ct.App.2005). We found Smith’s issues to be without merit and affirmed the trial court’s decision. Id. at 640 (¶ 29).
¶ 3. Smith filed his second PCR motion in May 2012, which the trial court summarily dismissed in July 2012. Smith subsequently filed an appeal, raising two issues: (1) ineffective assistance of counsel; and (2) a double-jeopardy violation.
¶ 4. The record indicates that Smith also filed a motion entitled “motion to stay appeal/discretionary dismissal” in the trial court on August 17, 2012. Smith included with his brief a ruling from the trial court treating his notice of appeal as a motion for permission to proceed with an out-of-time appeal. The trial court denied Smith’s motion for relief on January 16, *1026 2013.[1]
STANDARD OF REVIEW
¶ 5. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
I. INEFFECTIVE ASSISTANCE OF COUNSEL
II. DOUBLE-JEOPARDY VIOLATION
¶ 6. We first note that Smith did not raise these issues in the trial court; thus, we are precluded from reviewing them on appeal. See Fluker v. State, 17 So.3d 181, 183 (¶ 5) (Miss.Ct.App.2009). Furthermore, as this was Smith’s second PCR motion, it is barred as a successive writ. See Miss.Code Ann. § 99-39-23(6) (Supp.2013). “Errors affecting fundamental constitutional rights[, including double jeopardy,] are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]”. Rowland v. State, 42 So.3d 503, 508 (¶ 16) (Miss.2010). In this instance, however, since Smith was only prosecuted once for his crimes of murder and robbery, there was no double-jeopardy violation.
¶ 7. Smith also makes vague assertions about seeking DNA testing of his cocon-spirator. This issue, however, was not raised in the trial court.
¶ 8. We find both procedural and successive-writ bars preclude our consideration of the merits of Smith’s appeal. Thus, we affirm the trial court’s dismissal of Smith’s PCR motion.
¶ 9. THE JUDGMENT OF THE LAMAR COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
IRVING AND GRIFFIS, P. JJ„ BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. The trial court’s order is unclear from which ruling Smith is seeking an out-of-time appeal. While this motion was pending in the trial court, Smith filed a motion to dismiss in this Court. On February 6, 2013, this Court entered an order denying Smith's motion to dismiss. According to this order, Smith sought to dismiss his appeal without prejudice in order to file an out-of-time appeal of his first motion for PCR in May 2003.