JAMES, J.,
for the Court:
¶ 1. Estus James Smith was convicted of murder and robbery in the Lamar County Circuit Court. On May 15, 2003, Smith filed a motion for post-conviction relief (PCR) that was summarily dismissed by the trial court. ’ The dismissal was affirmed by this Court. Smith filed a second PCR motion in May 2012. The trial court summarily dismissed the motion and we affirmed.[1] Smith filed a third PCR motion on November 27, 2012, which was also dismissed by the trial court.[2] Smith appeals the most recent dismissal raising the following issues: (1) whether he had inef *975 fective assistance of counsel and (2) whether double jeopardy applies. Finding no error in the trial court’s judgment, we affirm.
FACTS
¶ 2. On June 10, 1998, Estus James Smith was indicted for capital murder in the Circuit Court of Lamar County. The indictment was amended to change the charge from capital murder to murder and robbery, and Smith entered a plea of guilty. During the sentencing hearing held the following week, Smith attempted to withdraw his guilty plea. However, the trial court denied his request and sentenced Smith to life on the murder charge and fifteen years on the robbery charge, with the sentences to run consecutively in the custody of the Mississippi Department of Corrections.
¶ 3. On May 15, 2003, Smith filed a PCR motion, which the trial court dismissed. Smith then appealed, and we affirmed the judgment of the trial court.
¶ 4. In May 2012, Smith filed a second PCR motion, which the trial court also dismissed. Smith appealed, and we affirmed.
¶ 5. On November 27, 2012, Smith filed a third PCR motion. The trial court dismissed the motion, finding it a successive writ that was also time-barred. Smith appeals.
STANDARD OF REVIEW
¶ 6. Generally, “[w]e review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court’s decision is clearly erroneous. When reviewing questions of law, our standard is de novo.” Hughes v. State, 106 So.3d 836, 838 (¶4) (Miss.Ct. App.2012).
DISCUSSION
¶ 7. Smith raises two issues on appeal. First, he argues that he received ineffective assistance of counsel because his lawyers failed to mention that he underwent brain surgery the year before he entered his guilty plea. According to Smith, his lawyers were also ineffective because they allowed for his indictment to be amended to correct his name. Second, Smith argues that double jeopardy should apply to his case. However, the dispositive issue is whether the trial court erred in dismissing Smith’s PCR motion.
¶ 8. Smith filed his first PCR motion on May 15, 2003. However, the motion was dismissed on September 18, 2003. Smith appealed and we affirmed the decision to dismiss the motion. See Smith v. State, 910 So.2d 635, 640 (¶ 29) (Miss.Ct.App. 2005). Over nine years later, Smith then filed two more PCR motions in the same year. Both motions were dismissed by the trial court, which found that the motions were successive writs and time-barred.
¶ 9. Where the PCR movant has pled guilty, the PCR motion must be filed within three years after the entry of the judgment of conviction. Miss.Code Ann. § 99-39-5 (Supp.2013). Leave to file an out-of-time appeal will be granted when a prisoner is effectively denied his right to perfect his appeal throufh no fault of his own. Williams v. State, 24 So.3d 360, 363 (¶ 8) (Miss.Ct.App.2009). Smith entered his guilty plea in 2000, and the PCR motion was filed in 2012, nine years after the limitations period expired. Smith’s cited reasons for appealing out of time were limited resources and lack of education. We have held a “petitioner’s pro se status and ignorance of the law alone are wholly insufficient to establish cause.” Id. at 364 (¶ 8). Thus, we find that Smith’s reasons are insufficient to permit the filing of the third PCR motion.
*976 ¶ 10. Moreover, an order dismissing or denying relief “is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Miss.Code Ann. § 99-39-23(6) (Supp.2013). However, “[ejrrors affecting fundamental constitutional rights are excepted from the procedural bars of the Uniform Post-Conviction Collateral Relief Act.” Hughes, 106 So.3d at 839 (¶ 8). In light of this rule, we have further held that “mere assertions of constitutional rights violations do not suffice to overcome the procedural bar.” Id. Smith makes assertions without any evidence to substantiate those assertions. We find that there are no applicable exceptions to the successive-writ bar. Therefore, Smith’s PCR motion is barred.
CONCLUSION
¶ 11. Smith’s second and third PCR motions were filed over nine years after the expiration of the limitations period. Smith does not offer a sufficient explanation for why his most recent PCR motion was filed outside of the statutory time period. Thus, Smith’s PCR motion is time-barred. Also, Smith’s PCR motion is a successive writ that does not fall within any exception, so it is procedurally barred for this reason as well. Accordingly, we affirm the cirdKt court’s dismissal of Smith’s PCR motion.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
LEE, C.J., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. GRIFFIS, P.J., AND ROBERTS, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. See Smith v. State, 126 So.3d 1024, 1026 (¶ 8) (Miss.Ct.App,2013). The State's brief, however, makes no mention of this opinion.

. Smith filed a notice of an out-of-time appeal on November 27, 2012, which the trial court treated as a PCR motion.