# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01235-COA

PAUL BROWN A/K/A PAUL S. BROWN             APPELLANT

v.

STATE OF MISSISSIPPI                         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/11/2014 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PAUL S. BROWN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | PETITION FOR POSTCONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED – 01/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**JAMES, J., FOR THE COURT:**

¶1. Paul S. Brown (pro se) appeals an order of the Circuit Court of Washington County denying his second petition for postconviction relief (PCR). The circuit court dismissed the present petition as successive. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Brown was arrested on a charge of fondling. Brown subsequently made bond and was to have no contact with the victim. On April 14, 2011, officers arrested Brown at his fiancee's home, which is where the victim resided. Brown subsequently picked up an

additional charge for sexual battery on the same minor. Brown was indicted in one indictment for two counts of fondling and two counts of sexual battery. In another indictment, Brown was indicted on one count of sexual battery and one count of attempted sexual battery.

¶3. On May 20, 2013, in Cause No. 2011-0173-CR, Brown pled guilty to two counts of sexual battery and was sentenced to twenty-five years in the custody of the Mississippi Department of Correction (MDOC) for each count, with the sentences to run concurrently. He also pled guilty to two counts of fondling and was sentenced to five years of postrelease supervision for both counts, with the sentences to run concurrently with each other but consecutively to the first two counts of sexual battery. In Cause No. 2011-0174-CR, Brown pled guilty to one count of sexual battery and was sentenced to twenty-five years in the custody of the MDOC, with the sentence to run concurrently with the sentence in Cause No. 2011-0173-CR.

¶4. Brown, soon after, filed a PCR petition. The record is unclear as to when this petition was filed. The circuit court's second order indicates that Brown, in his first petition, stated that his plea was not voluntarily given and he received ineffective assistance of counsel. The circuit court then found that Brown's plea was freely and voluntarily given and that he received effective assistance of counsel. On May 8, 2014, Brown filed a second petition for PCR. On August 11, 2014, the circuit court dismissed Brown's second petition because Brown had filed the previous petition that alleged the same facts. The court found that the petition was procedurally barred. Brown appeals.

**STANDARD OF REVIEW**

¶5.     "When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013).

**DISCUSSION**

¶6.     Brown raises five issues on appeal. According to Brown, the circuit court erred when it dismissed his PCR petition because (1) he was denied effective assistance of counsel, (2) his plea of guilty was entered involuntarily, (3) there is newly discovered evidence sufficient to vacate his convictions, (4) the trial court lacked jurisdiction to impose the sentence, and (5) the sentence exceeds the maximum authorized by law.

### I.     Procedural Bar

¶7.     The circuit court concluded that Brown's petition was barred by the statutory prohibition against successive writs. We agree.

¶8.     According to section 99-39-23(6) of the Mississippi Code Annotated (Rev. 2015), the denial of a PCR petition is "a bar to second or successive [petition]." There are, however, exceptions to this bar. *Dobbs v. State*, 18 So. 3d 295, 298 (¶10) (Miss. Ct. App. 2009). Under Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA), Brown is excepted from this bar if he can demonstrate:

> [H]e has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence.

Miss. Code. Ann. § 99-39-23(6). "Errors affecting fundamental constitutional rights are [also] excepted from the procedural bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). Brown bears the burden of proving that he satisfied at least one exception, and he also must show that, even if the exception applied, "the circuit court had not previously entered a decision on the merits of those claims." *Dobbs,* 18 So. 3d at 298 (¶10). Brown also has a "duty to make more than mere assertions and should set forth reasons for his arguments and cite authorities in their support." *White v. State*, 818 So. 2d 369, 371 (¶7) (Miss. Ct. App. 2002).

¶9. While Brown did point to an exception listed in section 99-39-23(6), he provides no support for the exception and he, in fact, did not identify the newly discovered evidence. Merely claiming to have newly discovered evidence is not sufficient and does not satisfy this statutory exception.

¶10. Likewise, Brown provides no support for his various claims that his fundamental constitutional rights were violated. Brown has failed to make any meaningful arguments or cite relevant authority in addressing these claims. Brown has presented no evidence, beyond his mere assertions, to support his ineffective-assistance-of-counsel and involuntary-plea claims. Brown does point to two letters from his attorney as evidence. Both letters, however, in essence explain the attorney's reasons for advising that Brown accept the plea deal. The letters do not in any way support Brown's assertions that counsel was ineffective. Furthermore, Brown does not explain how the submitted evidence supports his assertions. Therefore, there is no reason why the successive-writ bar should not apply. It follows that

we find no merit to Brown's claims that the circuit court erred when it found that his PCR petition was procedurally barred.

## II. Additional Bar

¶11. Additionally, this Court deems it important to note that another bar exists to Brown's request for postconviction relief. Section 99-39-9(2) of the Mississippi Code Annotated (Rev. 2015) clearly limits a PCR petition "to the assertion of a claim for relief against one (1) judgment only." This section requires the petitioner to file a separate PCR petition for each cause number or conviction, even when multiple convictions were imposed in the same plea hearing and sentencing order. *Mosley v. State*, 150 So. 3d 127, 130 (¶7) (Miss. Ct. App. 2014). Brown collaterally attacked two judgments and a total of five counts in a single petition. Thus, it would have been proper for the circuit court to dismiss Brown's petition on that basis alone.

## CONCLUSION

¶12. We affirm the circuit court's dismissal of Brown's second PCR petition on the basis that it is procedurally barred.

¶13. **THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR.**