IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

NO. 2019-CA-01429-COA

JAMAR HILL A/K/A JAMAR DEWAYNE HILL                    APPELLANT

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF JUDGMENT:            08/14/2019
TRIAL JUDGE:                 HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:   PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      DENNIS CHARLES SWEET IV
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: LAUREN GABRIELLE CANTRELL
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 11/03/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

BEFORE WILSON, P.J., WESTBROOKS AND McCARTY, JJ.

WESTBROOKS, J., FOR THE COURT:

¶1.     On September 13, 2019, Jamar Hill appealed from the Pike County Circuit Court's

"Order Denying Defendant's Motion for Post Conviction Collateral Relief."  Hill had pled

guilty to trafficking cocaine (with a firearm enhancement), conspiracy to traffic cocaine, and

possession of marijuana.  He was sentenced to twenty-five years in the custody of the

Mississippi Department of Corrections (MDOC) for trafficking cocaine, with eight years

suspended and seventeen years to serve, and five years in the MDOC's custody for

conspiracy, with those five years suspended.  The court ordered the sentences to run

concurrently and placed Hill on five years of post-release supervision.  Hill's sentence

included a fine for the possession of marijuana, other fines, restitution, and the payment of

court costs.

¶2. Hill sought post-conviction collateral relief (PCR), requesting the circuit court to reconsider his sentence. After a hearing, the circuit court denied the PCR motion. Finding no denial of due process of law, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3. Jamar Hill and Derrick Hedrick were indicted for trafficking cocaine (enhanced by possession of a firearm), conspiracy to traffic cocaine, and possession of less than thirty grams of marijuana in May 2016.

¶4. Hill pled guilty to these charges. During the sentencing hearing, Hill's mother testified she loaned a car to Hill on the date in question and that weapons in the vehicle were hers. Along with his mother's plea for the court's mercy, Hill's counsel asked the court to be lenient in consideration of Hill's family and lack of felony convictions. Counsel additionally argued for a more lenient sentence under the mitigating factors enumerated in Mississippi Code Annotated section 41-29-139(h) (Supp. 2014). After his co-defendant's sentencing, which included sentence mitigation, the trial court then presented Hill with another opportunity to speak before sentencing. Hill declined. The circuit court sentenced Hill as stated above.

¶5. On March 4, 2019, Hill filed a "Petition for Post-Conviction Relief," requesting the court to reconsider his sentence, claiming that the plea petition was "ambiguous and not complete"; that he did not intentionally plead guilty to a charge that would disqualify him

2

from early release; and that the trafficking charges were actually possession charges. He alternatively argued that he should be eligible for early release under section 41-29-139(h).

¶6. On August 1, 2019, the circuit court granted a hearing and found no merit to the motion, stating:

> "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Wall v. State*, 718 So. 2d 1107, 1114 (Miss. 1998) (quoting *Hoops v. State*, 681 So. 2d 521, 537 (Miss. 1996)). The general rule in Mississippi is that "a sentence that does not exceed the maximum term allowed by the statute cannot be disturbed on appeal." *Nichols v. State*, 826 So. 2d 1288[, 1290] (Miss. 2002) (citing *Fleming v. State*, 604 So. 2d 280, 302 (Miss. 1992)).

## ANALYSIS

¶7. The issue before this Court is whether the circuit court violated Hill's right to due process when it denied his PCR motion without considering the mitigating factors outlined in section 41-29-139(h). We hold the circuit court did not violate this right.

¶8. "When reviewing a trial court's denial or dismissal of a PCR [motion], we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Brown v. State*, 211 So. 3d 709, 711 (¶5) (Miss. Ct. App. 2016) (quoting *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013)).

¶9. Under section 41-29-139(h),

> a person who has been convicted of an offense under this section that requires the judge to impose a prison sentence which cannot be suspended or reduced and is ineligible for probation or parole may, at the discretion of the court, receive a sentence of imprisonment that is no less than twenty-five percent

(25%) of the sentence prescribed by the applicable statute. In considering whether to apply the departure from the sentence prescribed, the court shall conclude that:

> (A) The offender was not a leader of the criminal enterprise;
> (B) The offender did not use violence or a weapon during the crime;
> (C) The offense did not result in a death or serious bodily injury of a person not a party to the criminal enterprise; and
> (D) The interests of justice are not served by the imposition of the prescribed mandatory sentence.

Miss. Code Ann. § 41-29-139(h).

¶10. Hill requested mitigation of his sentence under the statute at both his sentencing hearing and during the hearing for post-conviction relief. The judge used his discretion and made a determination in accordance with the law.[1]

¶11. Moreover, the factors of the statute are conjunctive, requiring that all factors be met to be applicable. No evidence was presented that Hill was a leader of a criminal enterprise, but a weapon was present during the commission of the crime. Further, the maximum sentence was not given here.

¶12. It is also notable that "the circuit court has complete discretion in imposing a sentence, and the sentence will not be subject to appellate review if it is within the limits prescribed by statute." *Williams v. State*, 24 So. 3d 360, 365 (¶12) (Miss. Ct. App. 2009) (internal

---

[1] Sentence mitigation was considered during the sentencing for the co-defendant, Hedrick; however, the court did not apply the same analysis when sentencing Hill at the same hearing. Notably, the mitigation statute must have been taken into consideration when an argument for mitigation was presented by counsel for Hill; and the court made a clear decision to not weigh the factors when sentencing Hill but did so for his co-defendant. The court's order does not reflect any further analysis.

quotation mark omitted). "[A] sentence that does not exceed the maximum period usually will not be disturbed on appeal." *Id.* (quoting *Fannings v. State*, 997 So. 2d 953, 966 (¶42) (Miss. Ct. App. 2008)).

¶13. Hill's sentence did not exceed the maximum allowed by the statute; it was within the statutory limits. Additionally, the circuit court's factual finding was not clearly erroneous. There is no reason for disturbance. Again, Hill had not been sentenced to the maximum term allowed; he had received an opportunity to seek more leniency at the sentencing hearing and presented his claim for a mitigated sentence at both the sentencing and motion hearings before the circuit court. Taking these factors into account, we affirm, finding that there was no denial of due process when the circuit court waived its discretionary authority to mitigate the sentence.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**