907 So.2d 397 (2005)
Milton TROTTER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00067-COA.
Court of Appeals of Mississippi.
February 15, 2005.
Rehearing Denied May 10, 2005.
Certiorari Denied July 21, 2005.
*399 Office of the Attorney General by Billy L. Gore, attorney for appellee.
Milton Trotter, appellant, pro se.
Before BRIDGES, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. Milton Trotter, along with three co-defendants, kidnaped a victim and stole the victim's father's car. The defendants intended to go to Chicago in the stolen car. On their way to Chicago, the four defendants spent an evening at a hotel in Mississippi. That evening, while Trotter was unconscious from excessive drinking, the other three co-defendants killed the kidnaped victim by choking her to death. The defendants drove the stolen car to Chicago, where they were apprehended. They were brought to Mississippi for their trials. On the capital murder charge, Trotter waived indictment and pleaded guilty to murder less than capital. Nearly twenty-two years later, Trotter filed a writ of habeas corpus. The Lauderdale County Circuit Court treated this writ as a motion for post-conviction relief and dismissed all claims. Trotter appeals, raising the following issues:
I. WHETHER THE CIRCUIT COURT ERRED IN CONSTRUING TROTTER'S HABEAS CORPUS PETITION AS A REQUEST FOR POST-CONVICTION RELIEF
II. WHETHER TROTTER IS PROCEDURALLY BARRED FROM ASSERTING HIS ACTUAL INNOCENCE
III. WHETHER TROTTER'S MURDER CONVICTION IS A VIOLATION OF DOUBLE JEOPARDY
IV. WHETHER TROTTER RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL
V. WHETHER TROTTER VOLUNTARILY ENTERED HIS GUILTY PLEA
VI. WHETHER THE STATE OF MISSISSIPPI HAD JURISDICTION TO SENTENCE TROTTER TO CAPITAL MURDER OR MURDER LESS THAN CAPITAL
VII. WHETHER THE STATE OF MISSISSIPPI HAD JURISDICTION TO SENTENCE TROTTER TO LIFE IMPRISONMENT
VIII. WHETHER THE CIRCUIT COURT ABUSED ITS DISCRETION IN FAILING TO CONSTRUE TROTTER'S MOTION FOR RECONSIDERATION AS A MOTION PURSUANT TO MISSISSIPPI RULE OF CIVIL PROCEDURE 60
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On January 24, 1981, Trotter, along with three other defendants, traveled from New Orleans, Louisiana, to Inglewood, *400 California. These defendants kidnaped and abducted a victim and stole the victim's father's car. After the kidnaping, the defendants proceeded back to New Orleans.
¶ 4. On January 30, 1981, the defendants left New Orleans and arrived in Mississippi, where they stayed at a hotel. While they were at the hotel, and when Trotter claims to have been passed out from drinking too much, the other defendants killed the kidnaped victim by choking her to death. After leaving Mississippi, all the defendants proceeded to Chicago, Illinois, in the stolen car. They were apprehended in Chicago and were brought back to Mississippi for their trials. The prosecution for the kidnaping occurred in federal court, in the Southern District of Mississippi. The prosecution for the capital murder charge occurred in state court, in Lauderdale County, Mississippi.
¶ 5. On October 19, 1981, Trotter waived his indictment on the charge of capital murder and pleaded guilty to murder less than capital. The court accepted his guilty plea and sentenced Trotter to serve the rest of his natural life in the Mississippi Department of Corrections, to be served concurrently with his life sentence for kidnaping in the United States Federal Court. Nearly twenty-two years later, on October 9, 2003, Trotter filed a petition for a writ of habeas corpus. He alleged that the court did not have jurisdiction to convict him for murder, that the court did not have jurisdiction to impose a life sentence, that the plea was not voluntary, that his attorney failed to render effective assistance of counsel, and that Trotter was subjected to double jeopardy.
¶ 6. The circuit court treated Trotter's habeas petition as a motion for post-conviction relief. As such, the judge dismissed three of Trotter's claims because they were time-barred, and he dismissed Trotter's other claims on the merits.

ANALYSIS

I. WHETHER THE CIRCUIT COURT ERRED IN CONSTRUING TROTTER'S HABEAS CORPUS PETITION AS A REQUEST FOR POST-CONVICTION RELIEF
¶ 7. Trotter's application for relief was styled "Petition of Writ for Habeas Corpus." The circuit court analyzed his claim under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), Miss.Code Ann. § 99-39-1 through 99-39-29 (Supp.2004). Trotter argues that the court erred in treating his habeas corpus petition as a motion for post-conviction relief. We disagree. Post-conviction relief motions analyzed under the UPCCRA are habeas corpus petitions. Edmond v. Mississippi Dep't of Corrections, 783 So.2d 675, 678(¶ 9) (Miss.2001) (citing Gaines v. State, 736 So.2d 433, 434(¶ 4) (Miss.Ct.App.1999)). There is no merit in Trotter's argument that a habeas corpus petition cannot be analyzed under the UPCCRA.
¶ 8. The circuit court was correct in construing Trotter's application for relief as a post-conviction relief claim. The record shows that, after waiving an indictment, Trotter entered a guilty plea for murder and was sentenced to life imprisonment. Trotter's request for relief, in essence, is simply a challenge to the validity of his life sentence. Therefore, Trotter's request for relief is a motion for post-conviction relief. "`[P]urely collateral post-conviction remedies attacking a judgment of conviction or sentence should be sought under authority of the Post-Conviction Collateral Relief Act since that Act, in the pure post-conviction collateral relief sense, is arguably "post-conviction habeas corpus renamed."'" Arguments over nomenclature should be avoided so long as the Act affords the relief formerly available by habeas corpus in this limited context." Edmond v. State, 845 So.2d 701, 702(¶ 3)(Miss.Ct.App.2003) (quoting Bell, *401 Habeas Corpus: The "Great Writ" in Mississippi State Courts, 58 Miss.L.J. 25, 28 (1988)). Trotter's application for relief is a motion for post-conviction relief and subject to the provisions of the Mississippi Uniform Post-Conviction Collateral Relief Act. Most claims for post-conviction relief are subject to a three-year statute of limitations. Miss.Code Ann. § 99-39-5(2) (Supp.2004).

II. WHETHER TROTTER IS PROCEDURALLY BARRED FROM ASSERTING HIS ACTUAL INNOCENCE
¶ 9. The circuit court applied Mississippi Code Annotated Section 99-39-5(2) (Supp.2004) in deciding whether Trotter's claims for relief should be dismissed as time-barred. This statute reads:
A motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
¶ 10. Mississippi Code Annotated Section 99-39-5(2) does not subject all post-conviction relief motions to a three-year statute of limitations. Issues excepted from the time bar include claims that there has been an intervening decision from the Supreme Court of Mississippi or the United States Supreme Court which would have adversely affected the outcome of his sentence or that he has evidence, not reasonably discoverable at the time of trial, that would have caused a different result in the conviction or sentence.
¶ 11. Trotter claims that evidence has been made available to him that establishes that he is actually innocent of murder. Trotter claims that the grand jury refused to indict him for capital murder or murder, and that this evidence was wrongfully withheld from him. Trotter argues that this fact, along with his claim that he was passed out during the commission of the murder, demonstrates that he is actually innocent of the murder and that no reasonable jury would have convicted him of murder.
¶ 12. The United States Supreme Court has held that, notwithstanding the time bar imposed on most collateral challenges to guilty pleas, a petitioner's claim can be reviewed if he can establish that the constitutional error "has probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quoting Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2678, 91 L.Ed.2d 397, (1986)). To demonstrate actual innocence, the petitioner must demonstrate that, "`in light of all the evidence,' `it is more likely than not that no reasonable juror would have convicted him.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). It is important to note that, in this context, "`actual innocence' means factual innocence, not mere legal insufficiency.'" Id. at 623-24, 118 S.Ct. 1604 (quoting Sawyer v. Whitley, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)).
*402 ¶ 13. Habeas corpus petitions that successfully advance an actual claim of innocence are extremely rare. Schlup, 513 U.S. at 321, 115 S.Ct. 851. The facts that Trotter presents to this Court do not establish that he is actually innocent of murder. Even if Trotter was passed out at the time of the commission of the murder, Trotter is nevertheless guilty of murder as an accomplice. Trotter actively participated in the kidnaping of the murdered victim and continued to participate in the commission of the crimes of his co-defendants when he escaped with them from Mississippi to Chicago. For these reasons, Trotter is guilty of murdering the kidnaped victim. "[I]f two or more persons enter into a combination or confederation to accomplish some unlawful object, any act done by any of the participants in pursuance of the original plan and with reference to the common object is, in contemplation of the law, the act of all." Goldman v. State, 741 So.2d 949, 956(¶ 28) (Miss.Ct.App.1999) (citing Shedd v. State, 228 Miss. 381, 386, 87 So.2d 898, 899 (1956)). Trotter's argument is without merit.

III. WHETHER TROTTER'S MURDER CONVICTION IS A VIOLATION OF DOUBLE JEOPARDY

IV. WHETHER TROTTER RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL

V. WHETHER TROTTER VOLUNTARILY ENTERED HIS GUILTY PLEA
¶ 14. There is one judicially-created exception to the three-year time bar imposed on most post-conviction relief motions. "Errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration." Smith v. State, 477 So.2d 191, 195-96 (Miss.1985). The circuit court dismissed as time-barred Trotter's claim that he was subjected to double jeopardy, his claim that his guilty plea was involuntary, and his claim that he received ineffective assistance of counsel. In dismissing these claims as time-barred, the court found that these claims affected none of Trotter's fundamental rights. The court cited Luckett v. State, 582 So.2d 428, 430 (Miss.1991), which dismissed as time-barred the defendant's assignment of errors concerning the validity of the indictment, claims of double jeopardy, claims that his guilty plea was involuntary, and claims of ineffective assistance of counsel. The judge's application of the law was correct, and we affirm.
¶ 15. Trotter argues that his claim that his guilty plea was involuntarily entered should not be time-barred. He argues that claims of an involuntary guilty plea is a claim that a constitutional right has been violated and should be considered a fundamental right. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The supreme court has addressed this very issue and has concluded that constitutional rights can be subject to a time bar. In Cole v. State, 608 So.2d 1313, 1319 (Miss.1992), the court stated, "It is a well-settled principle that a state may attach reasonable time limits to the assertion of federal constitutional rights" (citations omitted). These assignments of error are without merit.

VI. WHETHER THE STATE OF MISSISSIPPI HAD JURISDICTION TO CONVICT TROTTER OF MURDER OR CAPITAL MURDER

VII. WHETHER THE STATE OF MISSISSIPPI HAD JURISDICTION TO SENTENCE TROTTER TO LIFE IMPRISONMENT
¶ 16. The circuit court addressed on its merits Trotter's claim that the Mississippi state courts have no jurisdiction to convict Trotter of murder or to sentence *403 Trotter to life imprisonment. The Mississippi Supreme Court has never explicitly held that the assertion of jurisdiction would be excepted by the time bar. However, it has stated that "[a] valid guilty plea admits all elements of the crime charged and waives all non-jurisdictional assertions of error in the indictment." Brooks v. State, 573 So.2d 1350, 1352-53 (Miss.1990). For this reason, the circuit court addressed Trotter's claims for lack of jurisdiction on the merits.
¶ 17. Trotter's claim that the Mississippi state courts did not have jurisdiction to convict Trotter of murder or capital murder is based on his argument that his guilty plea was unknowingly and involuntary made and without the advice of competent counsel. Trotter's claim that the Mississippi state courts lacked jurisdiction to sentence Trotter to life imprisonment is also based on the notion that his guilty plea was involuntary and did not meet the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Trotter argues that a court has jurisdiction to convict and sentence a defendant only when a defendant's guilty plea is voluntary. These claims are little more than an attempt to re-argue that his guilty plea was involuntary and that he did not receive effective assistance of counsel. Such claims are subject to the three-year time bar of Mississippi Code Annotated Section 99-39-5(2). We decline to address these claims on the merits because they are time-barred.

VIII. WHETHER THE CIRCUIT COURT WAS CORRECT IN FAILING TO CONSTRUE TROTTER'S MOTION FOR RECONSIDERATION AS A MOTION PURSUANT TO MISSISSIPPI RULE OF CIVIL PROCEDURE 60
¶ 18. After the circuit court denied Trotter's habeas corpus writ, Trotter filed a motion for reconsideration. The judge dismissed the motion because "[t]here is no such remedy entitled a motion for reconsideration." The judge noted that the only remedies available to a litigant who seeks relief from judgment are a direct appeal to the Mississippi Supreme Court or a Rule 60 motion, which allows a litigant to request relief from a judgment or order.
¶ 19. Trotter argues that the judge abused his discretion in denying the motion and not construing the motion as a motion for relief from judgment under Mississippi Rule of Civil Procedure 60. Trotter argues that, as a pro se litigant, he was entitled to a liberal construction of his motion for relief. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Trotter asserts that the judge abused his discretion in failing to construe his motion as a Rule 60 motion.
¶ 20. There was no error in refusing to treat Trotter's motion as a Rule 60 motion. Motions for relief from judgment should be denied when they are merely an attempt to relitigate the case. M.A.S. v. Mississippi Dep't of Human Services, 842 So.2d 527, 530(¶ 12) (Miss.2003) (quoting Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984)). Trotter's motion for reconsideration was nothing more than a request for the circuit judge to re-evaluate claims that the judge had already considered and rejected. If Trotter had filed a motion under Rule 60, the judge would have denied the motion. This issue is without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
*404 KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.