MAXWELL, J.,
for the Court:
¶ 1. Robert E. Hughes appeals the May 2011 dismissal of two motions for post-conviction relief (PCR). Hughes had previously been denied post-conviction relief in March 2009. Thus, both motions are procedurally barred as successive. Because we find no applicable exception to this procedural bar, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On April 20, 2004, Hughes allegedly robbed Ladarreo Wells at gunpoint, taking his 1991 Chevrolet Caprice. Though Hughes was caught and arrested for armed carjacking, a Hinds County grand jury returned an indictment charging him with armed robbery. On the advise of counsel, Hughes pled guilty to armed robbery on March 14, 2006. The circuit court sentenced Hughes to twenty-five years in the custody of the Mississippi Department of Corrections, with ten years suspended and fifteen years to serve, followed by three years of post-release supervision.
¶ 3. In October 2007, Hughes filed his first PCR motion. He filed a second PCR motion on March 13, 2009, which was denied on March 31, 2009. Hughes did not appeal this order of denial. On December 13, 2010, he filed a third PCR motion. The circuit court dismissed this motion, along with his 2007 motion, by order dated May 16, 2011. It is from this order that Hughes appeals.
STANDARD OF REVIEW
¶ 4. We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court’s decision is clearly erroneous. Crosby v. State, 16 So.3d 74, 77 (¶ 5) (Miss.Ct.App.2009). When reviewing questions of law, our standard is de novo. Williams v. State, 872 So.2d 711, 712 (¶2) (Miss.Ct. App.2004). “The trial court may summarily dismiss a PCR motion where ‘it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ” White v. State, 59 So.3d 633, 635 (¶ 4) (Miss.Ct.App.2011) (quoting *839 Miss.Code Ann. § 99-39-11(2) (Supp. 2010)). “This court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate ‘a claim procedurally alive substantially showing the denial of a state or federal right.’” Id. (quoting Robinson v. State, 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009)).
DISCUSSION
¶ 5. On appeal, Hughes argues he is entitled to relief because his guilty plea was not valid and his counsel was ineffective. Because the March 2009 denial of post-conviction relief addressed both of these claims, we find these issues are procedurally barred. And we reject Hughes’s re-characterization of his claims as errors affecting fundamental rights, not subject to the procedural bars. Instead, we find Hughes’s mere assertions of constitutional-rights violations do not trigger any procedural-bar exceptions.
I. Procedural Bars
¶ 6. Under Mississippi Code Annotated section 99-39-23(6) (Supp.2011), an order “denying relief ... is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” In Hughes’s 2009 PCR motion, he raised the very same claims as his outstanding 2007 PCR motion — that his counsel was ineffective and his guilty plea was involuntary. The circuit court’s March 2009 order expressly found these claims to be without merit. Hughes did not appeal this order. Because the 2009 order disposed of the claims also made in his 2007 motion, we find it acted as a procedural bar to this later-dismissed motion. See Madden v. State, 52 So.3d 411, 412 (¶ 7) (Miss.Ct.App. 2010) (applying successive-writ bar to issues previously addressed by court when reviewing a separate PCR motion). Likewise, it barred his 2010 motion as successive under section 99-39-23(6).
¶ 7. Mississippi Code Annotated section 99-39-5(2) (Supp.2011) also requires that “[a] motion for relief under this article shall be made ... in case of guilty plea, within three (3) years after entry of the judgment of conviction.” Hughes’s 2010 motion was not filed until December 13, 2010, more than four-and-a-half years after his March 14, 2006 guilty plea. So, we find Hughes’s 2010 PCR motion is also time-barred.
II. No Exceptions to the Procedural Bars Apply
¶8. Because Hughes raises issues that are both successive and untimely, we look to see whether an exception to these procedural bars applies. “The burden falls on the movant to show he has met a statutory exception.” White, 59 So.3d at 635 (¶ 8) (citing Adams v. State, 954 So.2d 1051, 1053 (Miss.Ct.App.2007)). “Errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act].” Id. (quoting Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010)). “But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar.” Id. at 636 (¶ 11) (citing Chandler v. State, 44 So.3d 442, 444 (¶8) (Miss.Ct.App.2010)). From our review, we find no issues that overcome the procedural bars.
¶ 9. Hughes argues his guilty plea was not voluntary because he was neither advised of the minimum sentence for armed robbery nor the fact his guilty plea would waive his right against self-incrimination. But “a claim of an involuntary guilty plea does not surmount the procedural bar.” Smith v. State, 922 So.2d 43, 48 (¶ 13) (Miss.Ct.App.2006) (citing Trotter v. State, 907 So.2d 397, 402 (¶¶ 14-15) *840 (Miss.Ct.App.2005)). In Trotter, this court rejected the argument that an involuntary-guilty-plea claim should be considered a claim of a violation of a fundamental right. Trotter, 907 So.2d at 402 (¶ 15). Instead, we have found this claim concerns one of the constitutional rights that is subject to procedural bar. Id. (citing Cole v. State, 608 So.2d 1313, 1319 (Miss.1992)). Further, Hughes’s sworn plea petition shows that he was advised not only that the minimum sentence for armed robbery was three years but also that he was waiving his right against self-incrimination.
¶ 10. In contrast, the right to be free from an illegal sentence is a fundamental right not subject to the time-bar or res judicata. Kennedy v. State, 732 So.2d 184, 186-87 (¶¶ 7-8) (Miss.1999). In his reply brief, Hughes asserts he was given an illegal sentence because he was sentenced for armed robbery. Despite pleading guilty to armed robbery, Hughes claims he was wrongly charged with this crime. Hughes suggests he is only guilty of carjacking. But this distinction in charges is of no import here. The law is clear that where two or more statutes govern a given course of conduct, the State may elect to proceed under either statute, so long as the accused is given fair notice of the crime charged. Cumbest v. State, 456 So.2d 209, 228 (Miss.1984) (citations omitted).
¶ 11. The State chose to present a charge of armed robbery.[1] And after the grand jury returned an indictment charging armed robbery, Hughes pled guilty to this offense. Therefore, we find no merit to his claim that his sentence was illegal.
¶ 12. Hughes also claims his constitutional right to effective assistance of counsel was violated. “[T]he Mississippi Supreme Court has consistently held that the time bar of Mississippi Code Annotated section 97-39-5(2) applies to post-conviction relief claims based on ineffective assistance of counsel.” Crosby, 16 So.3d at 78 (¶8). An ineffective-assistance claim requires showing: (1) counsel’s performance was deficient; and (2) prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While “[i]t is conceivable that under the facts of a particular case, ... a lawyer’s performance was so deficient, and so prejudicial to the defendant that the defendant’s fundamental constitutional rights were violated,” the supreme court “has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar.” Smith, 922 So.2d at 47 (¶ 9) (quoting Bevill v. State, 669 So.2d 14, 17 (Miss.1996))
¶ 13. We find Hughes merely asserts a claim of ineffective assistance of counsel under Strickland, without supporting his claim with facts that would overcome the strong presumption his counsel’s performance was sufficient. See id. at (¶¶ 9-10). Hughes’s deficiency argument is based on the same premise as his illegal-sentence argument — that because he was guilty of carjacking he could not be guilty of armed robbery. And Hughes claims his counsel was deficient for not advising him so. As just discussed, Hughes is incorrect-the State was entitled to proceed with the charge of armed robbery. Thus, Hughes cannot show his counsel was defi *841 cient at all, let alone so deficient as to overcome the procedural bars.
CONCLUSION
¶ 14. Because we find Hughes’s 2007 and 2010 PCR motions are successive writs and his 2010 motion also falls outside the three-year statute of limitations under section 99-89-5(2), we find both motions to be procedurally barred. Because Hughes has failed to establish an exception to the applicable procedural bars, we affirm the circuit court’s dismissal of Hughes’s PCR motions.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTIONS FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ„ CONCUR.

. An armed carjacking also qualifies as an armed robbery. Under Mississippi Code Annotated section 97-3-79 (Rev. 2006), "Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery-”