JAMES, J.,
for the Court:
¶ 1. A Hinds County grand jury indicted Robert Purnell on one count of forcible rape. Purnell pled guilty to one count of sexual battery and was sentenced to thirty years in the custody of the Mississippi *951 Department of Corrections (MDOC), with fifteen years suspended and five years of supervised probation. Over four years later, Purnell filed a motion for post-conviction relief (PCR). The circuit court summarily dismissed Purnell’s PCR motion, and it is from this dismissal that Purnell now appeals. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On June 8, 2004, a grand jury, drawn from the First Judicial District of Hinds County, indicted Robert Purnell on one count of forcible rape. The indictment read, in pertinent part: “Robert T. Pur-nell, a male person[,] ... on or about the 23rd day of December, 2002[,] did willfully and unlawfully have forcible sexual intercourse with [the victim,] a female person, in violation of [Mississippi Code Annotated] section 97-3-65(4)(a).... ”
¶ 3. On June 2, 2008, Purnell entered a voluntary plea of guilty to one count of sexual battery. Purnell was sentenced to thirty years in the custody of the MDOC, with fifteen years suspended and five years of supervised probation. On August 7, 2012, Purnell filed a PCR motion arguing that the age of the victim was an essential element of the crime of sexual battery. On September 6, 2012, the circuit court dismissed Purnell’s PCR motion, finding that the age of the victim is not an essential element of sexual battery. In his pro se brief before this Court, Purnell argues: (1) that his PCR motion is excepted from the three-year statute of limitations; and (2) that his indictment lacked the necessary elements of sexual battery. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 4. “When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review.” Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
¶ 5. First, we find that Purnell’s PCR motion is time-barred. “This Court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate ‘a claim procedurally alive substantially showing the denial of a state or federal right.’ ” White v. State, 59 So.3d 633, 635 (¶ 4) (Miss.Ct.App.2011) (quoting Robinson v. State, 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009)). Purnell argues that the victim-impact statements made during his sentencing hearing denied him due process of law. However, Purnell does not state what the statements were or how the alleged statements prejudiced him. Further, the record does not contain a transcript of the hearing or indicate that such statements were made. Therefore, we find this issue to be without merit.
¶ 6. Purnell had three years from the date of the entry of his judgment of conviction to file a PCR motion. See Miss.Code Ann. § 99-39-5(2) (Supp.2013) (“A motion for relief under this article shall be made[,] ... in [the] case of a guilty plea, within three (3) years after entry of the judgment of conviction.”). Purnell’s judgment of conviction was entered on June 2, 2008; therefore, the deadline for filing a PCR motion was June 2, 2011. Purnell filed his PCR motion on August 7, 2012. Therefore, Purnell’s PCR motion is time-barred. The procedural bar notwithstanding, we will address the remaining issues that Pur-nell raises in his brief to this Court.
 ¶ 7. Purnell claims that his guilty plea was defective because he was indicted for forcible rape but pled guilty to sexual battery “without additional actions by the *952 grand jury.” Mississippi Code Annotated section 99-19-5(1) (Rev.2006) provides:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.
A lesser included offense requires that the elements of the greater offense contain the elements of the lesser offense. Green v. State, 884 So.2d 733, 737 (¶ 11) (Miss.2004). Here, Purnell was indicted for forcible rape pursuant to Mississippi Code Annotated section 97-3-65(4)(a) (Supp.2013), which states:
Every person who shall have forcible sexual intercourse with any person ... shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.
Purnell pled guilty to the crime of sexual battery. Particularly, Purnell pled guilty to sexual battery pursuant to Mississippi Code Annotated section 97-3-95(l)(a) (Rev.2006), which is reflected in his plea petition. Section 97-3-95(l)(a) states: “A person is guilty of sexual battery if he or she engages in sexual penetration with .... [ajnother person without his or her consent....” The penalty for sexual battery is set forth in Mississippi Code Annotated section 97-3-101(1) (Rev.2006), which states, in pertinent part:
Every person who shall be convicted of sexual battery under section 97-3-95(l)(a) ... shall be imprisoned in the State Penitentiary for a period of not more than thirty (30) years, and for a second or subsequent such offense shall be imprisoned in the penitentiary for not more than forty (40) years.
Thus, all the elements of sexual battery pursuant to section 97-3-95(l)(a) are elements of forcible rape: sexual penetration and lack of consent. Sexual battery also carries a less severe penalty than forcible rape. Thus, we find Purnell’s argument to be without merit.
¶ 8. Purnell next asserts that the age of the victim is a necessary element of sexual battery and argues that his guilty plea to sexual battery was improper because his indictment for forcible rape did not contain the victim’s age. We disagree. Mississippi Code Annotated section 97-3-95 provides several definitions for the crime of sexual battery; although age is a necessary element for some subparts, age is not an element under section 97-3-95(l)(a). Therefore, we find this issue to be without merit.
¶ 9. The issues raised by Purnell are without merit. Accordingly, we affirm the trial court’s dismissal of Purnell’s PCR motion.
¶10. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.