# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01628-COA

QUINTORIS BOWDRY                                                         APPELLANT

v.

STATE OF MISSISSIPPI                                                      APPELLEE

DATE OF JUDGMENT:            09/11/2013
TRIAL JUDGE:                 HON. PAUL S. FUNDERBURK
COURT FROM WHICH APPEALED:   LEE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      QUINTORIS BOWDRY (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: STEPHANIE BRELAND WOOD
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     MOTION FOR POST-CONVICTION RELIEF
                             DENIED
DISPOSITION:                 AFFIRMED - 09/23/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., ISHEE AND JAMES, JJ.

### JAMES, J., FOR THE COURT:

¶1.     Quintoris Bowdry was charged by criminal information on September 14, 2011, with

possessing more than two grams of cocaine, as a habitual offender pursuant to Mississippi

Code Annotated section 99-19-81 (Rev. 2007).  Bowdry entered a guilty plea and was

sentenced to sixteen years in the custody of the Mississippi Department of Corrections.

Bowdry filed a motion for post-conviction collateral relief (PCR), which the trial court

denied.  Bowdry appeals raising the following issue: whether it was plain error for the trial

court to allow the criminal information to be amended after the guilty plea was entered.

## FACTS

¶2. On September 14, 2011, after waving an indictment, Bowdry was charged by criminal information with possessing more than two grams of cocaine as a habitual offender. Bowdry pled guilty and was sentenced the same day to sixteen years in the custody of the Mississippi Department of Corrections. However, during the plea hearing, a clerical error was discovered, and the State made an ore tenus motion to amend the criminal information to reflect the correct date of the crime. The information was amended to change the date of the crime from May 11, 2011, to August 11, 2011. The trial court granted the motion, and the indictment was amended accordingly.

¶3. Bowdry filed a PCR motion on July 22, 2013. In the motion, Bowdry alleged that the indictment was amended to charge him as a habitual offender. The trial court denied the motion, finding that the criminal information originally charged Bowdry as a habitual offender and that the amendment was used only to correct a date and clerical errors. Bowdry now appeals.

## STANDARD OF REVIEW

¶4. "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous." *Hughes v. State,* 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). Questions of law are reviewed de novo. *Id.*

## DISCUSSION

**I.      Whether it was plain error for the trial court to allow the criminal information to be amended after the guilty plea was entered.**

¶5.     Bowdry argues that the criminal information did not contain a reference to the habitual-criminal status. According to Bowdry, the criminal information was amended after his guilty plea was entered. In his brief, Bowdry also asserts that "the motion to amend and order granting the motion was not timely filed [sic]." Bowdry further claims that the trial court did not have jurisdiction to amend the information. Finally, Bowdry contends that he is entitled to relief under *Gowdy v. State,* 56 So. 3d 540 (Miss. 2011), which held that the trial court erred when it allowed the State to amend the indictment after the conviction to include the habitual-offender status.

¶6.     To constitute plain error, a party must "prove that an error occurred which 'resulted in a manifest miscarriage of justice.' This doctrine is only available when a defendant's substantive or fundamental rights have been violated." *Starr v. State,* 997 So. 2d 262, 266 (¶11) (Miss. Ct. App. 2008) (citation omitted). The plain-error doctrine must be applied only when certain conditions are met, such as when a violation "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at (¶12). Additionally, "[p]lain-error review is properly utilized for 'correcting obvious instances of injustice or misapplied law.'" *Smith v. State,* 986 So. 2d 290, 295 (¶10) (Miss. 2008).

¶7.     Here, the Court must determine whether or not the plain-error doctrine is applicable. *Id.* "To determine if plain error has occurred, we must determine 'if the trial court has deviated from a legal rule, whether that error is plain, clear or obvious, and whether the error has prejudiced the outcome of the trial.'" *Hurt v. State,* 34 So. 3d 1191, 1197 (¶17) (Miss. Ct. App. 2009).

¶8.    Here, a criminal information was used as the charging instrument. A defendant may be charged by criminal information if he is represented by counsel and has waived indictment by a sworn statement. *Berry v. State,* 19 So. 3d 137, 139 (¶7) (Miss. Ct. App. 2009).

¶9.    Bowdry relies heavily upon *Gowdy* to contend that the State should not have been permitted to amend the information. In *Gowdy,* the defendant went to trial, and after his conviction, the State sought to amend the indictment to include the defendant's habitual-offender status, after becoming aware of prior convictions in Iowa. *Gowdy,* 56 So. 3d at 544 (¶¶14-15). On the original day scheduled for sentencing, the State filed a motion to amend the indictment, adding the habitual-offender status. *Id.* Gowdy objected to the amendment, and the sentencing hearing was rescheduled. *Id.* The trial court overruled his objection and granted the amendment at the second scheduled hearing, and Gowdy received a life sentence. *Id.* The supreme court held that the State should not have been allowed to amend the indictment after Gowdy's conviction, and remanded the case for resentencing. *Id.* at 546 (¶22). Here, in the information the habitual-offender statute, Mississippi Code Annotated section 99-19-81, was cited. Further, in the plea colloquy, the following discourse took place:

Court:    Mr. Bowdry, you have indicated through your attorney, Mr. Willie Allen, that you intend to enter a plea of guilty to the charge of possession of a quantity of cocaine . . . greater than 2 grams as a habitual offender in CR11-475. Do you intend to enter a plea of guilty to that charge?

Bowdry:    Yes, sir.

. . . .

4

| | |
|---|---|
| Court: | Have you and your attorney received a copy of the criminal information filed against you today by the district attorney's office charging you with this new crime of having in your possession a quantity of cocaine greater than two grams? |
| Bowdry: | Yes, sir. |
| Court: | As an habitual offender? |
| Bowdry: | Yes, sir. |
| Court: | Have you read this criminal information? Have you read this charge or had it read to you and discussed with you by your attorney? |
| Bowdry: | Yes, sir. |

¶10.   Bowdry was informed of the habitual-offender status in the criminal information. Not only was Bowdry informed, he indicated that he read the information and understood the consequences of entering a guilty plea several times. Bowdry's attorney also indicated that he explained to Bowdry the charges and answered any questions he had about the process. It was after the trial court elicited these statements from Bowdry and his attorney that the court accepted Bowdry's guilty plea.

¶11.   It is well settled that the trial court may amend the indictment to correct defects of form, not substance. *Jones v. State,* 912 So. 2d 973, 976 (¶9) (Miss. 2005). "An amendment is one of form if the amendment is immaterial to the merits of the case and the defense will not be prejudiced by the amendment." *Id.* To determine whether the amendment is prejudicial to the defense, the test applied is whether the "defense as it originally stood would be equally available after the amendment is made." *Pool v. State,* 764 So. 2d 440, 443 (¶10)

5

(Miss. 2000). The trial court allowed the State to amend the information to change the date of the crime from May 11, 2011, to August 11, 2011, to correct typographical errors, and to correct the previous sentencing dates. The changes did not interfere with the defense.

## CONCLUSION

¶12. Bowdry had notice of the habitual-offender status in the information. He was also represented in the trial court by an attorney, and when asked if he understood the implications of his guilty plea, he answered in the affirmative. We find that the trial court did not err in denying Bowdry's PCR motion, and the plain-error doctrine is not applicable in this case. The judgment of the trial court is affirmed.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**