# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00648-COA

ARNOLD LEE FELTON A/K/A ARNOLD                              APPELLANT
FELTON A/K/A ABDUL RAHIM RASHEED

v.

STATE OF MISSISSIPPI                                        APPELLEE

DATE OF JUDGMENT:            04/09/2014
TRIAL JUDGE:                HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:  MARION COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     ARNOLD LEE FELTON (PRO SE)
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: LAURA TEDDER
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:    DENIED MOTION FOR POST-
                            CONVICTION RELIEF
DISPOSITION:                AFFIRMED – 11/24/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     On March 7, 2011, Arnold Lee Felton pleaded guilty in the Marion County Circuit Court to burglary of a dwelling. In exchange for his guilty plea, the State agreed not to charge him as a habitual offender. The trial court sentenced Felton to serve twenty-five years in the custody of the Mississippi Department of Corrections.

¶2.     On February 18, 2014, Felton filed a motion for post-conviction relief (PCR), alleging that his guilty plea was involuntary and that he received ineffective assistance of counsel.

The trial court denied Felton's PCR motion, and he now appeals, asserting the same issues presented in his PCR motion.

¶3. Finding no error, we affirm.

DISCUSSION

¶4. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). Because Felton alleges he would not have pleaded guilty but for his attorney's advice, we will address his two issues together.

    I.     *Guilty Plea*

    II.    *Ineffective Assistance of Counsel*

¶5. Felton must prove that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense in order to succeed on a claim of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009) (citation omitted). When a defendant pleads guilty, he "must show unprofessional errors of substantial gravity." *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006). The defendant must show his counsel's conduct "proximately resulted in his guilty plea, and [that] but for counsel's errors, he would not have entered the plea." *Id*.

¶6. Felton contends his attorney informed him he would only receive a twelve-year sentence and also failed to advise him of the maximum sentence for burglary of a dwelling, which was twenty-five years. The record on appeal does not contain a copy of Felton's plea colloquy. However, the trial court quoted directly from the plea colloquy in its order, specifically the part where Felton admitted that he understood that the maximum sentence for burglary of a dwelling was twenty-five years. The trial court also quoted the portion where Felton admitted that his attorney had not promised him that the court would impose any specific sentence.

¶7. Felton has offered no evidence, by affidavit or otherwise, to prove his claim, nor has he shown that his counsel's performance was deficient, as required under *Strickland*. Furthermore, Fulton has not shown that his counsel's allegedly deficient performance "proximately resulted in his guilty plea, and [that] but for counsel's errors, he would not have entered the plea." *Id*. Therefore, we find this issue to be without merit.

¶8. **THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**