ISHEE, J.,
for the Court:
¶ 1. On October 11, 2006, Nathaniel Walden was convicted in the Holmes County Circuit Court of the crimes of murder and shooting into an occupied dwelling. Walden was sentenced to serve life for the charge of murder and ten years, with five years suspended and five years of probation, for the charge of shooting into an occupied dwelling, all in the custody of the Mississippi Department of Corrections (MDOC). The sentences were ordered to run consecutively. This Court affirmed his conviction and sentence.[1]
¶ 2. On July 12, 2013, Walden filed a motion for postconviction relief (PCR), alleging a claim of ineffective assistance of counsel. The circuit court denied the motion, finding that it was procedurally barred, time-barred, and without merit. Walden now appeals, arguing that the circuit court erred in its denial of his PCR motion. Finding no error, we affirm the circuit court’s judgment.
FACTS AND PROCEDURAL HISTORY
¶3. In April 2005, Walden discovered that his brother James Walden’s son had removed a battery from Walden’s logging truck without permission while the truck was being stored on James’s property. When Walden confronted James about the incident, James punished his son and asked Walden to remove the truck and any of his other belongings from James’s property. Walden obliged and moved his truck down the street, which was still near James’s property.
¶ 4. Approximately two weeks later, on April 28, 2005, Walden discovered that James’s son had taken a saw out of the truck. Walden again confronted James and eventually became belligerent. When Walden refused to leave James’s property, James forced him to leave by pointing an unloaded shotgun at him. Walden retreated to the nearby home of his sister, Mattie Brown. He stayed at Brown’s house for approximately fifteen to twenty minutes.
*549 ¶ 5. Brown testified that just before Walden left her home he said, “I’m going to kill that [James].” Walden then walked back to James’s property and, according to the testimony of James, Brown, and James’s neighbor, Walter Thomas, Walden pulled out a gun and fired it several times. Although Brown did not actually witness the shooting, James and Thomas testified that Walden fired at James, causing James to run into his home. They said that Walden then began shooting into the home. In response, James fired his shotgun out the front door, and Walden got into his truck and left.
¶ 6. James found his wife, Mary Walden, lying dead in a pool of blood between the master bedroom and the bathroom. The autopsy report stated that Mary died from a single bullet to her head, which passed out of her body. A bullet was later found in the bathroom. The Mississippi Crime Laboratory determined that the bullet came from the pistol in Walden’s possession at the time of his arrest and that the pistol contained six spent cartridges that had been fired. The home had four bullet holes in its side after the incident.
¶ 7. On April 28, 2005, Walden was arrested and gave a statement to authorities containing conflicting accounts as to who fired the first shot. At trial, Walden testified that he only fired a single shot into the air in response to James firing a shot at him. At the end of the trial, the jury found him guilty of murder and shooting into an occupied dwelling.
¶ 8. In 2011, Walden filed an application for leave to file a PCR motion in the Mississippi Supreme Court. In denying Walden’s application, the supreme court found that the following complaints were without merit: (1) that a proposed jury instruction was erroneously denied; (2) that he received ineffective assistance of counsel; and (3) that Walden’s sentences were excessive. In 2013, Walden filed a second application in the supreme court requesting leave to file a PCR motion, which was granted on June 20, 2013. Walden subsequently filed a PCR motion in the circuit court on July 12, 2013. The circuit court dismissed the motion, holding that it was procedurally barred and without merit. Aggrieved, Walden appeals. Upon review of the record, we affirm the circuit court’s judgment.
STANDARD OF REVIEW
¶ 9. “We review the dismissal or denial of a PCR motion for abuse of discretion.” Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012). We will only reverse a circuit court’s denial or dismissal of a PCR motion when the court’s factual findings are clearly erroneous. Purnell v. State, 126 So.3d 949, 951(114) (Miss.Ct.App. 2013) (citation omitted). “However, we review the [circuit] court’s legal conclusions under a de novo standard.” Id.
DISCUSSION
I. Procedural Bars
¶ 10. We first address the alleged procedural bar. Both parties agree that the circuit court erred in finding that it lacked jurisdiction to review the PCR motion pursuant to Mississippi Code Annotated section 99-39-7 (Rev.2015), which requires that the supreme court grant a petitioner leave to file a PCR motion in the circuit court. As mentioned above, the supreme court did, in fact, grant leave for Walden to file his PCR motion on June 20, 2013, and the PCR motion was filed on July 12, 2013. Because Walden received leave from the supreme court before filing his PCR motion, we find that the circuit court was not procedurally barred from *550 reviewing the motion under section 99-39-7.
¶ 11. Next, we analyze the question of the time-bar. The circuit court found that Walden’s PCR motion was time-barred since it was filed outside the three-year statute of limitations found in Mississippi Code Annotated section 99-39-5 (Rev. 2015). Walden appealed his sentence to this Court, and it was affirmed on July 29, 2008. See Walden, 29 So.3d at 19 (¶3). The supreme court denied Walden’s request for a writ of certiorari regarding his direct appeal on March 4, 2010.
¶ 12. Walden timely filed his first motion for leave to file a PCR motion with the supreme court on July 5, 2011, but it was denied. He then timely filed a second motion with the supreme court requesting leave to file a PCR motion on January 14, 2013. However, by the time the supreme court granted his request on June 20, 2013, the three-year statute of limitations had expired. Nonetheless, Walden promptly filed his PCR motion on July 12, 2013.
¶ 13. Section 99-39-5 requires that a PCR motion “shall be [filed] within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi.” The supreme court denied Walden’s request for a writ of certiorari in March 2010, thereby starting the three-year window of opportunity to file a PCR motion. Because Walden filed his motion seeking leave before the three-year statute of limitations expired, but it was not granted until after the three-year deadline had passed, we must presume that the supreme court intended to allow Walden to file his motion without subjecting it to the three-year statute of limitations. As such, we decline to dismiss Walden’s motion on the ground that it was time-barred.
II. Merits of the Claim
¶ 14. Placing the issues of procedural bars aside, we look to the merits of Walden’s claim that he received ineffective assistance of counsel. Walden complains that his counsel was defective in advising him to reject a plea deal that would have eliminated the charge of shooting into an occupied dwelling in exchange for Walden pleading guilty to the lesser charge of manslaughter. Walden alleges that his attorney told him that the State would not have the ability to prove that Walden intentionally murdered the victim at trial. The State, on the other hand, contends that Walden’s claim of ineffective assistance of counsel cannot stand, because it is founded solely upon Walden’s allegations.
¶ 15. “In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel’s representation fell below an objective standard of reasonableness.” McBride v. State, 108 So.3d 977, 979 (¶ 11) (Miss.Ct. App.2012) (quoting Hannah v. State, 943 So.2d 20, 24 (¶ 6) (Miss.2006)). Claims for ineffective assistance of counsel must be pleaded with specificity, and “the claim must be supported by affidavits other than [the claimant’s].” Avery v. State, 179 So.3d 1182, 1188-1189 (¶ 13) (Miss.Ct.App. 2015) (citation omitted). This Court has specifically addressed matters involving requests for postconviction relief, stating that “where a party offers only his affidavit, then his ineffective assistance claim is without merit.” Cherry v. State, 24 So.3d 1048, 1051 (¶ 6) (Miss.Ct.App.2010) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)). Because Walden fails to present any evidence that he was offered a plea deal for manslaughter, he has no grounds to support his claim of ineffective assistance of counsel. As such, the circuit court did not err in dismissing Walden’s PCR motion for lack of merit.
*551 ¶ 16. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES AND WILSON, JJ„ CONCUR.

. See Walden v. State, 29 So.3d 17, 19 (¶ 3) (Miss.Ct.App.2008).