# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01040-COA

**HENRY R. MONROE A/K/A HENRY MONROE**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                    APPELLEE

DATE OF JUDGMENT:               06/24/2015
TRIAL JUDGE:                    HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:      MADISON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:        WILLIAM SCOTT MULLENNIX
                                PERCY STANFIELD
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: LADONNA C. HOLLAND
NATURE OF THE CASE:             CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:        DISMISSED MOTION FOR
                                POSTCONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 10/25/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE ISHEE, P.J., CARLTON AND JAMES, JJ.**

**ISHEE, P.J., FOR THE COURT:**

¶1.     Henry R. Monroe appeals the dismissal of his motion for postconviction relief (PCR). On appeal, Monroe raises one issue: his sentence should be reduced or his probation modified under the trusty-time-allowance provision of Mississippi Code Annotated section 47-5-138.1 (Rev. 2015). Because Monroe raises this issue for the first time on appeal and presents no fundamental-rights exception, it is procedurally barred. Therefore, we affirm the trial court's dismissal of Monroe's PCR motion.

**FACTS**

¶2. On May 21, 2013, Monroe pleaded guilty in the Madison County Circuit Court as a subsequent drug offender to manufacturing more than one kilogram of marijuana. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with six years to serve and five years of supervised postrelease supervision (PRS). In exchange for his plea, the State agreed to nolle pros two other counts against him, one for possession of marijuana and one for child endangerment.

¶3. On June 9, 2015, Monroe, through counsel, filed a PCR motion. He raised one issue: ineffective assistance of counsel. He argued that "his trial counsel . . . failed to introduce evidence that would have mitigated the sentence he received from his plea of guilty." Specifically, Monroe asserted that his counsel should have informed the trial court that he "suffers greatly from macular degeneration," and the reason he was growing marijuana was to treat his disease.

¶4. After reviewing Monroe's guilty-plea and sentencing-hearing transcript, as well as the underlying criminal file, the trial court summarily dismissed his PCR motion on June 24, 2015. Monroe now appeals, arguing that he is entitled to a reduced sentence or modified probation under section 47-5-138.1.

**STANDARD OF REVIEW**

¶5. "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous." *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). Questions of law are reviewed de novo. *Id.* A PCR motion may be summarily dismissed "[i]f it plainly appears from the face of the motion, any

annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]" Miss. Code Ann. § 99-39-11(2) (Rev. 2015).

## DISCUSSION

¶6. For the first time on appeal, Monroe argues his sentence should be reduced or his probation modified based on amendments to section 47-5-138.1 made in 2014 through the passage of House Bill 585. Monroe abandons the sole issue raised in his PCR motion—that his counsel was ineffective.

¶7. Generally, the "failure to raise an issue in the circuit court operates as a waiver and renders that issue procedurally barred on appeal." *Bass v. State*, 174 So. 3d 883, 885 (¶6) (Miss. Ct. App. 2015) (citing Miss. Code Ann. § 99-39-21(1) (Rev. 2007)). However, "[e]rrors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal." *Rowland v. State*, 42 So. 3d 503, 507 (¶10) (Miss. 2010) (quoting *Smith v. State*, 477 So. 2d 191, 195 (Miss. 1985)).

¶8. Monroe has not raised any errors affecting his fundamental rights. Monroe argues that after his sentence was imposed, section 47-5-138.1 was amended under House Bill 585 to provide for a possible sentence reduction to which he is entitled. No such amendment was made to section 47-5-138.1 by House Bill 585. Section 47-5-138.1(1) reads as follows:

> In addition to any other administrative reduction of sentence, an offender in trusty status as defined by the classification board of the Department of Corrections may be awarded a trusty-time allowance of thirty (30) days' reduction of sentence for each thirty (30) days of participation during any calendar month in an approved program while in trusty status, including satisfactory participation in education or instructional programs, satisfactory participation in work projects and satisfactory participation in any special incentive program.

3

¶9. The only change made to section 47-5-138.1 under House Bill 585, which became effective July 1, 2014, was to strike section 47-5-138.1(2)(e). Subsection (2)(e) precluded a sentence reduction if the offender was convicted of possession with intent to deliver or sell a controlled substance. Monroe was convicted of manufacturing marijuana, not the possession or sale of marijuana, so this change has no bearing on Monroe's argument. Section 47-5-138.1, as applicable to Monroe's conviction, was in effect at the time Monroe was sentenced and has not changed.

¶10. Under section 47-5-138.1(1), Monroe was eligible for the thirty-for-thirty sentence reduction while he was incarcerated, so long as he satisfactorily participated in an approved program while on trusty status. Monroe has not presented documentation from the MDOC regarding his sentence or earned time. However, he states he is no longer incarcerated. On May 21, 2013, the trial court sentenced Monroe to six years, with credit for time served. According to Monroe's appellant's brief, he was released from confinement in May 2015. Monroe asserts that upon his release, he began serving his term of PRS. The State asserts that at the time it filed its appellee's brief on February 8, 2016, the MDOC's website reported that Monroe was on earned-release supervision. (Citing https://www.ms.gov/mdoc/inmate/Search/GetDetails/183930). As of the date of this opinion, the MDOC's website shows no record of Monroe being in custody. Thus, despite Monroe's argument that he is entitled to a sentence reduction, there is no evidence that Monroe was not given the sentence reduction under the trusty-time allowance provided by section 47-5-138.1(1) while incarcerated.

¶11. Regardless, Monroe now argues that because he is no longer incarcerated, section 47-

4

5-138.1 should be retroactively applied to reduce his postrelease sentence (which Monroe seemingly and incorrectly refers to interchangeably as PRS, parole, or probation) from five years to two and a half years. Because section 47-5-138.1 only applies to time earned during incarceration as a trusty, and not to PRS reductions, there is no basis for Monroe's argument under section 47-5-138.1.[1]

¶12. Finally, Monroe argues his "probation" should be modified from supervised to unsupervised. Monroe's sentence did not include supervised probation. Rather, the trial court ordered five years of supervised PRS. *See* Miss. Code Ann. § 47-7-34 (Rev. 2015). "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Hoops v. State*, 681 So. 2d 521, 537 (Miss. 1996). Thus, it is within the trial court's discretion to order supervised or unsupervised PRS. "'[U]nsupervised' merely means that the court would be monitoring [the defendant] during his term of 'unsupervised' [PRS] in lieu of the Mississippi Department of Corrections." *Johnson v. State*, 925 So. 2d 86, 102 (¶30) (Miss. 2006).

¶13. To the extent Monroe is arguing that his PRS should be unsupervised, we find this assertion without merit. Monroe does not argue the PRS imposed was illegal or erroneous. Rather, he states he desires to be placed on "unsupervised" status so he can "travel to different states and avail himself of medical marijuana treatments." The sentence imposed

---

[1] Mississippi Code Annotated section 47-7-40 (Rev. 2015), enacted through House Bill 585, gives the MDOC "the authority to award earned-discharge credits to all offenders placed on probation, parole, or *post-release supervision* who are in compliance with the terms and conditions of supervision." (Emphasis added). However, this section is not relied upon or cited by Monroe. Regardless, earned discharged under this section falls under the purview of the MDOC, not this Court or the trial court.

was within that allowed by statute.  Therefore, we will not review it on appeal.

¶14.     Monroe's arguments are procedurally barred, as they are being raised for the first time on appeal.  And Monroe has failed to implicate a fundamental constitutional right to except his arguments from the procedural bar.  Therefore, Monroe's arguments are procedurally barred and, alternatively, without merit.  The trial court's dismissal of his PCR motion is affirmed.

¶15.     **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.  IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**